**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DAVID E. JENSEN,**<br><br>           **Plaintiff,**<br><br>      v.<br><br>**JPMORGAN CHASE BANK, N.A., et al.,**<br><br>           **Defendants.** | **1:09-cv-01789-OWW-DLB**<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 29)** |

### I.   INTRODUCTION.

Plaintiff David E. Jensen ("Plaintiff") is proceeding with an action under the Real Estate Settlement Procedures Act ("RESPA"). 12 U.S.C. § 2601 *et seq*. Plaintiffs first amended complaint alleged claims for: (1) declaratory relief; (2) fraud; (3) violation of RESPA; (4) reformation; (5) "to quiet title and set aside foreclosure"; (5) violation of California's Unfair Competition Law, Business & Professions Code § 17200; (6) violation of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"); (6) violation of California Civil Code § 1572; (7) and "injunctive relief."

On April 20, 2010, the court granted Defendant's motion to dismiss each of Plaintiff's claims, but provided Plaintiff an

1

opportunity to remedy many of the complaint's deficiencies by filing an amended complaint. (Doc. 26). Plaintiff was ordered to submit an amended complaint within thirty days of electronic service of the court's order. (Doc 26). Plaintiff failed to file an amended complaint. Defendants filed a second motion to dismiss Plaintiff's action on May 3, 2010. (Doc. 29). Plaintiff failed to file opposition to Defendant's motion.

## II. **DISCUSSION**.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. R. 110 (2010). District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

(5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831.  After weighing the relevant factors, the court concludes that dismissal of Plaintiff's action with prejudice is warranted in light of Plaintiff's failure to obey the court's orders and failure to prosecute this action.

**ORDER**

   For the reasons stated, IT IS ORDERED that:

   1) Plaintiff's action is DISMISSED, with prejudice; and

   2) The Clerk of the Court is DIRECTED to enter judgment for Defendants.

IT IS SO ORDERED.

**Dated:   July 16, 2010**                    **/s/ Oliver W. Wanger**
                                                          UNITED STATES DISTRICT JUDGE